ORIGINAL

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/1/15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA, for the use
and benefit of IMCO GENERAL
CONSTRUCTION, INC.,

        Plaintiff,

   -against-

THE INSURANCE COMPANY OF THE
STATE OF PENNSYLVANIA,

        Defendant.

------------------------------------------------------------X

**FIRST AMENDED SCHEDULING ORDER**

Case Number: 14-cv-8055 (LLS)

     This First Amended Scheduling Order is submitted by the parties in accordance with Rule 26(f)(3) of the Federal Rules of Civil Procedure.

     1.    The date of the status conference is May 1, 2015 and the appearances for the parties are the following:

     Robert A. Sesti, Esq.
     Sesti Law Firm PC
     Attorneys for Plaintiff
     50 Main Street, Ste. 205
     White Plains, NY 10606

     Marc R. Lepelstat, Esq.
     Wolff & Samson PC
     Attorneys for Defendant
     140 Broadway, 46th Floor
     New York, New York 10005

     2.    This action is brought pursuant to 40 U.S.C. §3133 for payment from defendant as Surety on a Miller Act Payment bond for labor and materials furnished for the construction of family housing units at the U.S. Naval Station at Guantanamo Bay. Plaintiff served as a

first-tier subcontractor on the Project to LakeShore TolTest, JV, LLC ("LTC"), which was awarded the prime contract by the Department of the Navy in a joint venture with Lakeshore Global Corp. As required by the Miller Act, LTC, as principal, and the defendant, as surety, executed and delivered a labor and material payment bond for the benefit and protection of all persons supplying labor and materials in the prosecution of the work provided in the Prime Contract. Plaintiff alleges that it has duly performed the Work required of it under the Subcontract, and in furtherance of the Work required under the Prime Contract, except where prevented by LTC. LTC terminated the Subcontract on or about March 4, 2014, after the Project Owner terminated LTC's Prime Contract. Plaintiff alleges that it has sustained damages totaling not less than $1,701,080.13 plus interest. Plaintiff has demanded payment from the Surety under the Payment Bond, but the Surety has refused to render payment. Plaintiff alleges that it then timely commenced the present action.

The defendant disputes the plaintiff's claim for recovery as to the following items which are claimed: "Pending Change Orders," "Standby Equipment," Extended Overhead," "Loss of Margin and Other Termination Costs," Demobilization Costs," and attorney's fees and any other costs, losses, damages, fees and expenses over and above the earned and unpaid balance of the Subcontract. The defendant also contends that there exist backcharges to the plaintiff's claim.

    3.    The following amended schedule is proposed:

    a.    No amended pleadings may be filed without a court order.

    b.    Responses to Requests for the Production of Documents shall be served on or before May 30, 2015.

5241202.1

*[handwritten at top: Friday August 28, 2015 at 11 - status conference]*

  c. Depositions of the following fact witnesses (party and non-party) shall take place between September 9, 2015 and October 30, 2015: Tyler Kimberly (IMCO); Tony Anderson (IMCO); a person from the Surety most knowledgeable about the underlying project, IMCO's work, payments to IMCO and the Surety's defenses; Donna Brown (LTC); Raymond Samolin (LTC); and a person from the U.S. Government most knowledgeable about payments to LTC on the project and the termination of LTC's contract.

  d. The plaintiff's expert report(s) shall be supplied on or before December 1, 2015. The defendant's expert report(s) shall be thirty days after receipt of the plaintiff's expert report. Expert depositions shall be completed on or before January 29, 2016.

  e. Discovery shall be completed on or before January 29, 2016.

  f. Plaintiff shall provide its pre-trial order materials to defendant on or before February 29, 2016.

  g. On or before April 29, 2016, the parties will submit a pre-trial order in a form conforming with the Court's instructions together with trial briefs and either (1) proposed findings of fact and conclusions of law for a non-jury trial, or (2) proposed voir dire questions and proposed jury instructions, for a jury trial.

  h. The final pre-trial conference pursuant to Fed. R. Civ. P. 16(d) shall take place on _____ at _____.

4. The parties are not aware of any limitations to be placed on discovery, including any protective or confidentiality orders.

5. The parties are not aware of any discovery issues on which they are unable to agree.

5241202.1

6.  Expert testimony may be offered as to the amount of damages which the plaintiff claims that it is entitled to over and above the earned and unpaid balance of the Subcontract, including but not limited to, the amount of delay damages, acceleration costs, demobilization costs and extra work items to which the plaintiff is entitled, if any. Expert testimony may also be offered as to the defendant's backcharges.

7.  The anticipated length of a trial is one week.

8.  This Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference or when justice so requires.

| | |
|---|---|
| **SESTI LAW FIRM PC**<br>Attorneys for Plaintiff<br>United States of America, for the use and benefit of IMCO GENERAL CONSTRUCTION, INC. | **WOLFF & SAMSON PC**<br>Attorneys for Defendant<br>The Insurance Company of the State of Pennsylvania |
| By: */s/ Robert A. Sesti*<br>　　ROBERT A. SESTI<br>　　50 Main Street, Suite 205<br>　　White Plains, New York  10606<br>　　(914) 428-5008<br>　　bob@sestilaw.com | By:　*/s/ Marc R. Lepelstat*<br>　　MARC R. LEPELSTAT<br>　　140 Broadway, 46th Floor<br>　　New York, New York 10005<br>　　(212) 973-0572<br>　　mlepelstat@wolffsamson.com |

So Ordered:

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.      5/1/15